UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM J. MENTING,<br><br>        Plaintiff,<br>v.<br><br>WARDEN ROBERT HUMPHREYS,<br>WILLIAM MCCREEDY, DR.<br>WILLIAM KELLEY, SGT. SCHMIDT,<br>CINDY O'DONNELL, and DR.<br>HANNULA,<br><br>        Defendants. | Case No. 16-CV-1540-JPS<br><br><br><br><br><br>**ORDER** |

    The plaintiff, who is incarcerated at Stanley Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #5). The plaintiff has been assessed and paid an initial partial filing fee of $33.33. 28 U.S.C. § 1915(b)(4).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that in 2010, as the result of a traffic accident, his leg was amputated. (Docket #1 at 4). Throughout the relevant period, the stump was apparently painful and bled regularly. *Id.* at 7-8. Though his allegations are not clear, the plaintiff's primary complaint is that prison officials failed to appropriately address this handicap. As best the Court can discern, the plaintiff was moved to Kettle Moraine Correctional Institution

("KMCI") in mid-2013 or early 2014. *Id.* at 5-6. While at KMCI, the plaintiff was allegedly prohibited from using a wheelchair but was instead required to use crutches. *Id.* The plaintiff showed Sgt. Schmidt ("Schmidt") what he claims are orders from his physician that he must use a wheelchair. *Id.* at 6. Schmidt apparently ignored that document. *Id.* Schmidt also seems to have refused to follow medical orders to deliver the plaintiff's meals to him in his cell. (Docket #1-6).

The plaintiff further alleges that the other defendants ignored his "calls for help," which appear to be prison grievance filings and requests for medical service. (Docket #1 at 7). Additionally, KMCI warden Robert Humphreys ("Humphreys") was allegedly "told repeatedly about the actions of his subordinates[,] [a]nd he repeatedly refused to act[.]" *Id.* at 1. The plaintiff accuses William McCreedy ("McCreedy"), the Health Services Unit manager at KMCI, of acting in concert with the other defendants to deny him a wheelchair. *Id.* at 2. Dr. William Kelley ("Kelley") also received complaints from the plaintiff and did nothing. *Id*. It is not clear whether Kelley is a state employee, an independent contractor employed by the state, or a private physician.

Cindy O'Donnell ("O'Donnell"), deputy secretary of the Department of Corrections, ruled on at least one of the plaintiff's grievance appeals. (Docket #1-9). The plaintiff alleges that she failed to intervene to stop the other defendants' constitutional violations and did not adequately investigate his complaints. (Docket #1 at 2-3). Finally, Dr. Hannula ("Hannula"), a physician at the plaintiff's current institution, apparently denied him orthopedic shoes. *Id.* at 3.

Page 4 of 12

Case 2:16-cv-01540-JPS   Filed 12/19/16   Page 4 of 12   Document 8

As currently presented, the plaintiff's complaint states only one viable claim for relief. His first cause of action is asserted against all of the defendants for deliberate indifference to his serious medical needs. *Id.* at 10. The *Gayton* case outlines the elements of the claim:

> [T]he plaintiff must show that: (1) [he] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating [him]; and (3) this indifference caused [him] some injury. An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.
>
> With regard to the deliberate indifference prong, the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. Simply put, an official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Even if a defendant recognizes the substantial risk, he is free from liability if he responded reasonably to the risk, even if the harm ultimately was not averted. Whether a medical condition is "serious" and whether a defendant was "deliberately indifferent" to it are fact questions, to be resolved by a jury if a plaintiff provides enough evidence to survive summary judgment.

Page 5 of 12

Case 2:16-cv-01540-JPS   Filed 12/19/16   Page 5 of 12   Document 8

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (citations and quotations omitted).

As to Schmidt, the plaintiff told him directly about his need for a wheelchair, and he allegedly did nothing. It appears that the need for a wheelchair would satisfy the "serious medical need" element. Further, although correctional officers are entitled to defer to medical professionals' judgment, they cannot completely ignore an inmate's needs or the medical professionals' instructions. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Schmidt ignored the plaintiff entirely and/or refused to comply with the doctor's orders regarding his care. Thus, at the screening stage, the plaintiff has stated a claim for deliberate indifference against Schmidt.

As to the other defendants, the plaintiff does not fare as well. His allegations, even viewed liberally, do not even suggest that the other defendants exhibited the criminal recklessness required to bear Eighth Amendment liability. The plaintiff makes only conclusory statements as to Humphrey's knowledge of his disability without factual allegations to support them. Humphrey cannot be liable simply because he knew that the plaintiff was being denied a wheelchair; he must have personally participated in the decisionmaking for the plaintiff's treatment. *Williams v. Nickleson*, 84 Fed. App'x 656, 658 (7th Cir. 2003). This is not alleged in the complaint. The plaintiff makes an additional claim of retaliation against Humphreys, but it is similarly comprised only of a legal conclusion without any reference to fact. (Docket #1 at 11). That claim must also be dismissed.

The allegations against McCreedy and Kelley (assuming Kelley is in fact a "state actor" as required for constitutional liability) are also conclusory. Further, the plaintiff's own exhibit shows that not only were McCreedy and

Page 6 of 12

Case 2:16-cv-01540-JPS   Filed 12/19/16   Page 6 of 12   Document 8

Kelley not indifferent to his medical needs, KMCI's medical staff offered other options to care for his leg, but the plaintiff refused them all. (Docket #1-10). The plaintiff's mere disagreement with a course of treatment, however, does not show that anyone was deliberately indifferent to his needs. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Finally, like Humphreys, O'Donnell had no connection to the plaintiff's treatment. Complaint examiners within a prison are allowed to defer to medical providers so long as they do not ignore an inmate's complaint. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). This certainly applies with even more force to O'Donnell, whose ability to investigate from the central Department of Corrections offices is more limited than on-site complaint examiners. Again, the plaintiff's conclusory allegations as to O'Donnell's alleged indifference do not state a viable claim. It appears that the plaintiff is simply displeased that she ruled against his appeal, but that is no violation of the Eighth Amendment.

The plaintiff asserts another claim against O'Donnell. He states that she imposed cruel and unusual punishment upon him by failing to intervene when he was denied a wheelchair. The Seventh Circuit has noted that "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to delegate to the prison's medical staff the provision of good medical care. That is equally true for an inmate complaint examiner." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As an administrative, non-medical employee, O'Donnell (among other things) merely reviewed inmate complaints. Other than the plaintiff's statements of legal conclusions, there is nothing to suggest "that [O'Donnell] shirked [her]

Page 7 of 12

Case 2:16-cv-01540-JPS   Filed 12/19/16   Page 7 of 12   Document 8

duty in any way or failed to appropriately handle the claims." *Greeno*, 414 F.3d at 657.

The Court saves Hannula for last, as she should not even be named as part of the present suit. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that a "party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

Hannula's liability, if any, is completely separate from the other defendants and arises from a wholly different set of occurrences. She is the only defendant from Stanley Correctional Institution, and the plaintiff's

complaint against her is for failing to provide orthopedic shoes.[1] Though this does relate generally to the plaintiff's handicap, the Court sees no connection (and the plaintiff makes none) between Hannula's actions and those of the KMCI defendants regarding wheelchair use. The mere fact that the plaintiff wishes to assert a deliberate indifference claim against Hannula as well as the other defendants does not render joining the claims proper.

In light of the foregoing, the Court finds that the plaintiff may proceed on the following claim: Schmidt's deliberate indifference to the plaintiff's serious medical needs, in violation of the Eighth Amendment, during the plaintiff's incarceration at KMCI. All of the other claims and defendants must be dismissed.

Finally, the Court addresses the plaintiff's motion for appointment of counsel. (Docket #6). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Court will deny the plaintiff's motion under both prongs of the *Pruitt* test. As to the first prong, the plaintiff offers no evidence that he has made any attempts to secure counsel, much less reasonable attempts. *See* (Docket #6). As to the second prong, the plaintiff cites his imprisonment, lack

---

[1] At one point, the plaintiff alleges that Hannula participated in denying him a wheelchair at KMCI, but as she does not work there, and the statement listed all of the other defendants as well, it appears this was simply a mistake. (Docket #1 at 12).

of legal knowledge, and lack of funds as reasons for appointing counsel. *Id.* These reasons are insufficient standing alone; they are common to every prisoner-filed civil case. Though he also cites an alleged brain injury, the Court cannot conclude at this juncture that the injury renders this case beyond the plaintiff's capacity to present it. His complaint and attached exhibits, though not well organized, show that he has a more than adequate understanding of the nature of his claims and the potential proof needed to succeed on them. As such, the Court concludes that recruitment of counsel is not necessary at this time. The plaintiff's motion to appoint counsel will be denied without prejudice.

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendants Warden Robert Humphreys, William McCreedy, Dr. William Kelley, Cindy O'Donnell, and Dr. Hannula be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Docket #6) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on the state defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined;

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>   Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   362 United States Courthouse
>   517 E. Wisconsin Avenue
>   Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS; doing so will only delay the processing of this matter. As each filing will be electronically scanned and entered on the docket upon receipt by the Clerk of Court, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge