# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM J. MENTING,

                        Plaintiff,

v.

                        Case No. 16-CV-1540-JPS

SGT. SCHMIDT,

                        Defendant.                  **ORDER**

On December 19, 2016, the Court screened the plaintiff's complaint and denied his motion for appointment of counsel without prejudice. (Docket #8). On January 13, 2017, the plaintiff filed a motion to reconsider that denial. (Docket #11). As noted in the December 19, 2016 order, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

In the December 19 order, the Court found the first prong lacking. In the motion for reconsideration, the plaintiff attaches letters from the ACLU and a private attorney declining to represent him on his instant claim. (Docket #11-1). Even assuming the first prong is met, however, the result does not change. In the motion for reconsideration, the plaintiff states that he does not understand the nature of his claims, specifically that "[a]lthough

I know I was wronged, I do not know how to proceed from here." (Docket #11). This is not appreciably different than his assertion of lack of legal knowledge in the original motion for appointment of counsel. (Docket #6). In the December 19 order, the Court weighed that consideration against the complexity of the case. Doing so again, it still finds that the case does not exceed the plaintiff's capacity to present it. Though it may involve issues of plaintiff's disabilities and need for wheelchair accessibility, the medical issues will be dwarfed by the simple facts of how and why Schmidt refused to act on the orders from the plaintiff's doctor. *See* (Docket #8 at 5-6).

As such, the Court again concludes that recruitment of counsel is not necessary at this time. The plaintiff's motion for reconsideration will be denied. The Court will, for the plaintiff's benefit, provide two monographs, entitled "Answers to *Pro Se* Litigants' Common Questions," and "Answers to Prisoner Litigants' Common Questions," which contain a wealth of information that the plaintiff may find useful in prosecuting this case.

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller

U.S. District Judge