# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM J. MENTING,<br><br>          Plaintiff,<br>v.<br><br>BRIAN R. SCHMIDT,<br><br>          Defendant. | Case No. 16-CV-1540-JPS<br><br>**ORDER** |

  Before the Court are two motions filed by the plaintiff, William J. Menting ("Menting"). First, Menting has renewed his request, in two separate motions, that the Court appoint an attorney for him. (Docket #28 and #34).[1] The Court has already considered and denied two such motions from Menting. *See* (Docket #8 and #12). As noted in the Courts' previous orders, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Menting asserts that his mental and physical disabilities prevent him from competently litigating this case, *see* (Docket #28 at 1-2), and that he cannot

---

[1] Menting's motion filed on May 1, 2017, (Docket #28), is unsigned, and for that reason alone the Court could strike it. *See* Fed. R. Civ. P. 11(a).

understand the many documents the defendant has produced to him in this case, *see* (Docket #34). The Court previously found that this case does not exceed the plaintiff's capacity to present it, and nothing has changed in the interim to upset that conclusion. The Court will deny Menting's motions for the appointment of counsel.

Next, Menting filed a motion to amend his complaint to add a party. (Docket #34). He states that he wishes to name as a defendant Sgt. Schuette ("Schuette") "due to the defendant's attorneys pointing out that Sgt. Schuette was also deliberately indifferent to me . . . . I forgot about him . . . due to my TBI [traumatic brain injury]." *Id.* Menting cites to exhibits "A-009," "A-11," and "A-13" in support of his motion but does not attach any exhibits. *Id.* Defendant Brian Schmidt, who opposes Menting's motion, explains that the document to which Menting refers is an inmate grievance that Menting filed while incarcerated at Kettle Moraine Correctional Institution alleging that Schuette did not bring him a lunch tray on January 29, 2015. *See* (Docket #36 at 2).

The Court will deny Menting's motion to amend his complaint. Menting's motion was filed three months after the Court's deadline for the amendment of pleadings. *See* (Docket #18 at 1). Although the Court may grant leave to amend after the period for amendment has expired, *see* Fed. R. Civ. P. 15(a), leave is not warranted in this case. Beyond the citation to an exhibit that was not attached to his motion, Menting has not provided a factual basis for his proposed claim against Schuette that would allow the Court to determine whether the claim would survive the Court's screening pursuant to 28 U.S.C. § 1915A(a). Further, it appears Menting knew, at the time he filed his complaint, whatever facts would underlie his claim against Schuette; those facts were apparently included in an inmate grievance.

Allowing Menting at this late stage to add a new defendant who he could have named from the start would serve only to unduly delay the resolution of this case.

Accordingly,

**IT IS ORDERED** that Menting's motions for the appointment of counsel (Docket #28 and #34) be and the same are hereby **DENIED;** and

**IT IS FURTHER ORDERED** that Menting's motion to amend his complaint to add a party (Docket #34) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 25th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge