# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM J. MENTING,

                       Plaintiff,

v.                                                 Case No. 16-CV-1540-JPS

BRIAN R. SCHMIDT,                      **ORDER**

                       Defendant.

## 1. INTRODUCTION

Plaintiff William J. Menting ("Menting"), a prisoner, brought this action against defendant Brian R. Schmidt ("Schmidt"), alleging that he was deliberately indifferent to Menting's serious medical conditions, in violation of the Eighth Amendment. Specifically, Menting alleges that beginning around mid-2013, while he was incarcerated at Kettle Moraine Correctional Institution ("KMCI"), Schmidt denied Menting a wheelchair (the "wheelchair claim") and prevented Menting's meals from being delivered to him in his cell (the "meal-delivery claim"). (Docket #1 at 4-6 and #1-6). Menting alleges that both of these things were done in contravention of a physician's order. *Id.*

Schmidt filed a motion for partial summary judgment as to Menting's meal-delivery claim on the ground that Menting did not properly exhaust his administrative remedies as to that claim. (Docket #23).

That motion is now fully briefed and, for the reasons explained below, it will be granted.[1]

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides the mechanism for seeking summary judgment. Rule 56 states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

---

[1]Menting's opposition to Schmidt's motion for partial summary judgment was filed almost a month late. (Docket #33). Further, Menting did not file a response to Schmidt's proposed facts. The Court will not consider summary judgment materials that are not filed in conformance with the federal and local rules. *See Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants). Ultimately, though, Menting's opposition, such as it is, does not change the Court's analysis. He concedes that he did not file a grievance related to his meal-delivery claim. *Id.* at 1.

3.  **RELEVANT FACTS**[2]

At all times relevant, Menting was an inmate at housed at KMCI. *See* (Docket #25-1). Schmidt was presumably employed at KMCI in some capacity—the plaintiff alleges Schmidt was a sergeant—but neither party has confirmed Schmidt's title. *See* (Docket #14). Menting claims that sometime around December 2014, Schmidt refused to follow medical orders to deliver his meals to him in his cell. (Docket #1-6).

Menting did not file an inmate complaint at KMCI that addressed his allegation that Schmidt refused to deliver his meals to his cell. The inmate complaint examiner ("ICE") at KMCI confirmed this by searching KMCI's records of inmate complaints, which revealed no relevant grievances. (Docket #25). Menting argues that he verbally reported the meal-delivery issue to a nurse, but he does not contest that he failed to file a grievance and follow through with the grievance appeal procedure, explained in detail below. (Docket #33 at 1). KMCI records do show that Menting filed many grievances about other issues, including being denied a wheelchair, *see* (Docket #25-1 at 2), but there can be no dispute that Menting did not properly grieve his meal-delivery claim.

4.  **ANALYSIS**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he

---

[2]The Court includes here just the facts relevant to Menting's meal-delivery claim, as it is the only claim at issue with the defendant's pending motion for partial summary judgment. Menting's wheelchair claim is not before the Court.

must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by the defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps inmates must take to exhaust their administrative remedies under the ICRS. First, an inmate must file a complaint with the ICE within fourteen days of the events giving rise to the complaint. *Id.* §§ 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11.1 The reviewing authority may accept or reject the ICE's recommendation. *Id.* at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within ten days. *Id.* §§ 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

As explained above, Menting admits that he did not file an inmate complaint at KMCI that addressed his allegation that Schmidt refused to deliver meals to his cell. Of course, this means Menting also did not follow through with the designated appeal process for his grievance. The PLRA requires complete or "proper" exhaustion, *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), and Menting has not done so for his meal-delivery claim. That claim will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust under § 1997e(a) is always without prejudice).

5.  **CONCLUSION**

For the reasons explained herein, the Court will grant Schmidt's motion for partial summary judgment as to Menting's claim under the Eighth Amendment relating to the denial of meal delivery to his cell.

Schmidt has indicated that he intends to file a subsequent motion for summary judgment on the merits of Menting's other claim in this case, his wheelchair claim. *See* (Docket #24 at 1). Schmidt requested that the Court stay the deadline for the filing of dispositive motions until after the Court's resolution of the pending motion for partial summary judgment. (Docket #38). The Court will grant Schmidt's request and amend the current scheduling order, (Docket #18), to reflect a new dispositive motion deadline of **November 27, 2017**. If the wheelchair claim survives summary judgment, the Court will promptly set a trial date following its summary judgment order on that claim.

Accordingly,

**IT IS ORDERED** that Schmidt's motion for partial summary judgment as to Menting's Eighth Amendment claim regarding meal delivery (Docket #23) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that Menting's Eighth Amendment claim regarding meal delivery, (Docket #8 at 4, 9), be and the same is hereby **DISMISSED without prejudice;**

**IT IS FURTHER ORDERED** that Schmidt's motion to extend the dispositive motion deadline (Docket #38) be and the same is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that the Court's scheduling order, (Docket #18), be and the same is hereby amended to reflect a new dispositive motion deadline of **November 27, 2017**.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge